UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| JOHN ALEXANDER, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| V. | |
| STRATA SOLAR, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

COMES NOW Plaintiff, John Alexander ("Plaintiff"), by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against Defendant Strata Solar, LLC ("Defendant" or "Strata"), stating as follows:

### I. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I and IV of this Complaint, which arise out of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII").

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count II of this Complaint, which arises out of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq. ("ADEA").

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Counts III and V of this Complaint, which arise out of the Civil Rights Act of 1866, 42 U.S.C. § 1981 et seq. ("Section 1981").

4. This Court has personal jurisdiction over the parties because a substantial portion of the employment practices described herein were committed within Cumberland County, North

Carolina.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. PARTIES

6. Plaintiff is a citizen of the United States and a resident of Cumberland County, North Carolina.

7. Defendant is a business entity registered to conduct business in North Carolina.

8. Defendant may be served by delivering a copy of the Complaint and Summons to its Registered Agent, Strata Manager, LLC, located at 800 Taylor Street, Suite 200, Durham, NC 27701.

## III. FACTUAL ALLEGATIONS

9. Plaintiff is African-American and was born on June 26, 1956.

10. In 2015, Plaintiff was hired by Defendant to work as a Quality Assurance Technician.

11. In 2016, Plaintiff earned a promotion to Lead Quality Assurance Technician.

12. In 2017, Plaintiff earned a promotion to Site Quality Manager.

13. From 2017 to present, Plaintiff has worked for Defendant as a Site Quality Manager.

14. On November 30, 2020, Plaintiff filed an EEOC complaint alleging that Defendant did not select him to the position of Senior Site Quality Manager ("Senior Manager") due to his race.

15. Defendant provided a position statement to the EEOC on or around February 18, 2021.

16. The EEOC issued a right to sue notice on June 30, 2021.

17. Defendant had knowledge that the EEOC concluded its investigation on or around June 30, 2021.

18. In July 2021, the individual Defendant initially hired into the Senior Manager position in 2020, Ms. Susie Morris, resigned.

19. Ms. Morris is Caucasian.

20. On July 26, 2021, Plaintiff's supervisor, Mr. Chris Hoffman, told Plaintiff that another Site Quality Manager named Joe Guarino would replace Ms. Morris.

21. Mr. Hoffman and Mr. Guarino are Caucasian.

22. Mr. Guarino is under the age of 40.

23. Although Defendant knew Plaintiff sought the Senior Manager position, Defendant did not even interview Plaintiff.

24. The essential duties identified by Defendant for the Senior Manager and Site Quality Manager positions overlap significantly.

25. The primary difference between the positions is that a Senior Manager reports directly to Defendant's Director of Quality and has authority over Site Quality Managers.

26. Plaintiff met or exceeded the Education and Work Experience requirements for the Senior Manager position.

27. According to Mr. Guarino's resume, he did not meet all Education and Work Experience requirements for the Senior Manager position at the time Defendant hired him into that position over Plaintiff.

28. Furthermore, Mr. Guarino's educational background is less impressive and less relevant to the Senior Manager position than Plaintiff's educational background.

29. Mr. Guarino does not have a bachelor's degree.

30. Mr. Guarino received degrees in Aviation and Criminal Studies in 2014 and 2015, respectively.

31. Plaintiff graduated Magna Cum Laude from Campbell University with an Applied Science degree.

32. Plaintiff also received an Associate of Applied Science while in the Air Force.

33. Plaintiff had significantly more work experience in quality management and in the solar power industry than Mr. Guarino

34. Plaintiff has more than 25 years of experience managing and supervising maintenance technicians.

35. Mr. Guarino had approximately 5 years of experience managing and supervising maintenance technicians prior to his promotion to the Senior Manager position.

36. Plaintiff had significantly more experience than Mr. Guarino in training subordinates, managing projects—including budget, scope of deliverables, and deadlines—and ensuring all quality and safety requirements were met.

37. Plaintiff is not aware of Mr. Guarino engaging in any prior activity under Title VII or any other statute with respect to his employment with Defendant.

38. Upon information and belief, Mr. Guarino has not engaged in any prior activity under Title VII or any other statute with respect to his employment with Defendant.

## IV. CLAIMS FOR RELIEF

### COUNT I: TITLE VII DISCRIMINATION (NON-SELECTION)

39. Plaintiff incorporates by reference paragraphs 1-38 of his Complaint as if fully set forth herein.

40. Plaintiff is a member of a protected class by virtue of his race.

41. Plaintiff was not selected for the position of Senior Site Quality Manager despite Defendant having knowledge that he sought the position.

42. Plaintiff was qualified for the Senior Site Quality Manager position.

43. The circumstances of the non-selection raises an inference of race discrimination.

## COUNT II: ADEA DISCRIMINATION (NON-SELECTION)

44. Plaintiff incorporates by reference paragraphs 1-38 of his Complaint as if fully set forth herein.

45. Plaintiff is a member of a protected class by virtue of his age.

46. Plaintiff was not selected for the position of Site Quality Manager despite Defendant having knowledge that he sought the position.

47. Plaintiff was qualified for the Senior Site Quality Manager position.

48. The circumstances of the non-selection raises an inference of age discrimination.

## COUNT III: SECTION 1981 DISCRIMINATION (NON-SELECTION)

49. Plaintiff incorporates by reference paragraphs 1-38 of his Complaint as if fully set forth herein.

50. Plaintiff is a member of a protected class by virtue of his race.

51. Plaintiff was not selected for the position of Site Quality Manager despite Defendant having knowledge that he sought the position.

52. Plaintiff was qualified for the Senior Site Quality Manager position.

53. The circumstances of the non-selection raises an inference of race discrimination.

## COUNT IV: TITLE VII RETALIATION

54. Plaintiff incorporates by reference paragraphs 1-38 of his Complaint as if fully set forth herein.

55. Plaintiff engaged in protected activity under Title VII.

56. Plaintiff was subjected to the adverse action of non-selection.

57. The temporal proximity between the EEOC's investigation of Plaintiff's charge and the non-selection is sufficient to raise an inference of causation.

## COUNT V: SECTION 1981 RETALIATION

58. Plaintiff incorporates by reference paragraphs 1-38 of his Complaint as if fully set forth herein.

59. Plaintiff engaged in protected activity under Section 1981 when he complained of race discrimination and filed a complaint with the EEOC alleging race discrimination..

60. Plaintiff was subjected to the adverse action of a non-selection.

61. The temporal proximity between the EEOC's investigation of Plaintiff's charge of race discrimination and the non-selection is sufficient to raise an inference of causation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. A finding that Defendant violated Plaintiff's rights as set forth herein;

c. Full back pay plus interest, front pay, compensatory damages, liquidated damages, punitive damages, reasonable attorney fees, and costs in accordance with Title VII, the ADEA, Section 1981, and Section 1988; and

d. Any other relief this Court deems proper and just.

Respectfully submitted this 30th day of May, 2023.

    THE KIRBY G. SMITH LAW FIRM, LLC

    /s/Alexander C. Kelly
    Alexander C. Kelly
    North Carolina Bar No. 49308
    THE KIRBY G. SMITH LAW FIRM, LLC
    111 N. Chestnut St.
    Suite 200

Winston-Salem, NC 27101
T: (704) 729-4287
F: (877) 352-6253
ack@kirbygsmith.com

*Attorney for Plaintiff*

**JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 30th day of May, 2023.

THE KIRBY G. SMITH LAW FIRM, LLC

/s/Alexander C. Kelly
Alexander C. Kelly
North Carolina Bar No. 49308
THE KIRBY G. SMITH LAW FIRM, LLC
111 N. Chestnut St.
Suite 200
Winston-Salem, NC 27101
T: (704) 729-4287
F: (877) 352-6253
ack@kirbygsmith.com

*Attorney for Plaintiff*